Filed 8/4/16  P. v. Richardson CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>GREGORY RICHARDSON,<br><br>　　　　Defendant and Appellant. | B266746<br><br>(Los Angeles County<br>Super. Ct. No. VA112328) |

　　　　APPEAL from an order of the Superior Court of Los Angeles County, Olivia Rosales, Judge.  Affirmed.

　　　　Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　　No appearance for Plaintiff and Respondent.

After a bench trial in 2011, Gregory Richardson (defendant) was convicted of second degree robbery under Penal Code section 211,[1] false imprisonment under section 236, second degree commercial burglary under section 459, and brandishing a replica handgun under section 417.4. The verdict was based on evidence defendant took money and electronics from a retail store after pointing what appeared to be a handgun at the sales clerk and tying her hands behind her back.

The trial court found defendant had two prior serious felony convictions, a 1989 conviction for second degree robbery pursuant to section 211 and a 1993 conviction for voluntary manslaughter under section 192, subdivision (a). The court further found defendant had three prison priors within the meaning of section 667.5, subdivision (b). It sentenced defendant to a prison term of 35 years to life: 25 years to life on the robbery conviction plus an additional 10 years for the prior serious felonies. Pursuant to section 654, the court imposed but stayed sentences on the convictions for false imprisonment, commercial burglary, and brandishing a replica handgun. The court struck defendant's prison priors pursuant to section 1385. Defendant was awarded 487 days of custody credits, which the court later corrected to 917 days.

We affirmed the 2011 judgment against defendant in an unpublished opinion. (*People v. Richardson* (Oct. 24, 2012), B238234) [nonpub. opn.]). On our own motion, we have taken judicial notice of the record in that prior appeal.

In July 2015, defendant petitioned to have his 2011 robbery conviction reduced to a misdemeanor under section 1170.18, which the Safe Neighborhoods and Schools Act (Proposition 47) added to the Penal Code. Defendant's section 1170.18 petition also asked the court to reclassify as misdemeanors his 1989 felony robbery conviction and his 1993 felony manslaughter conviction. On July 24, 2015, the trial court summarily denied defendant's petition, and defendant thereafter filed a timely notice of appeal.

We appointed counsel to represent defendant on appeal. After examining the record, counsel filed an opening brief raising no issues. On March 28, 2016, this court

---

[1]    Statutory references that follow are to the Penal Code.

2

advised defendant he had 30 days to personally submit any contentions or issues he wished us to consider.  We received no response.

We have examined the record and are satisfied that defendant's attorney on appeal has complied with the responsibilities of counsel and that no arguable issue exists. (*People v. Wende* (1979) 25 Cal.3d 436, 441-442; see also *Smith v. Robbins* (2000) 528 U.S. 259, 278-282; *People v. Kelly* (2006) 40 Cal.4th 106.)  Convictions for second degree robbery under section 211 and voluntary manslaughter under section 192, subdivision (a) are not among the offenses eligible for Proposition 47 relief.

DISPOSITION

The trial court's order is affirmed.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS



BAKER, J.


We concur:


KRIEGLER, Acting P.J.



RAPHAEL, J.[*]

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.